JOHNSON, Chief Justice,
dissents and assigns reasons.
IU respectfully dissent. In my view, this case rests upon circumstantial evidence that is insufficient as a matter of law to convict the defendant, Samuel Mack, Jr. I would affirm the ruling of the Fourth Circuit.
It is long established that where circumstantial evidence forms the basis of a conviction, the circumstances must be so clearly proven that they point not merely to the possibility or probability of guilt, but to the moral certainty of guilt.[1] Louisiana, under La.R.S. 15:438, provides greater protection against erroneous convictions based on circumstantial evidence than is provided by the Fourteenth Amendment.[2] When a case rests entirely on circumstantial evidence, La.R.S. 15:488 mandates that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” In this case, there is no direct evidence to prove that the defendant participated in the killing of the victim. Furthermore, the State does not exclude every reasonable hypothesis of innocence for a rational juror to find the defendant guilty beyond a reasonable doubt.
The majority relies upon a series of telephone calls made on the day of the shooting between the defendant, an unknown caller, and Jackson, as its proof that |2the defendant procured Jackson to murder the victim. However, there is a large absence of evidence, regarding the telephone calls and the identity of the parties, which show the weakness of the circumstantial evidence in this case. The majority concedes that the nature of the relationship between the defendant, the unknown caller, and Jackson was never established, yet later states that “the participants in the cell phone calls were clearly identified.” It is unclear how the participants in the calls were clearly identified when the State failed to identify the unknown caller. Without knowing the identity of the unknown caller, the State must rely on speculation to explain why John Doe would act as the middle-man between Jackson and the defendant in arranging the victim’s murder. No evidence was ever introduced that showed the defendant made any direct calls to Jackson to arrange or order the victim’s murder. Finally, the State failed to present any evidence of the content of the calls.
The majority finds that it would be an “extraordinary coincidence” for these calls not to be related to the victim’s murder. However, the phone records indicate another logical inference. The phone rec *993 ords show that the defendant, Jackson, and the unknown caller made over twenty-five calls to one another before the alleged “altercation” and sixteen calls afterward. The Fourth Circuit correctly held that based upon this pattern of telephone calls “the State did not exclude that another logical inference, other than to procure murder, could be drawn from these telephone calls; namely, that the defendant may have been returning the phone call of the unknown caller and/or that these calls were to discuss the business that pre-exist-ed among them prior to defendant’s interjection of himself into the altercation between the victim and Rock McKinney.”
The State also relied upon the testimony of two eyewitnesses who alleged that the defendant threatened the victim twenty minutes before the shooting. Yet, there are a number of problems with these witnesses’ testimony. Nelson, a lifelong | ofriend of the victim, initially told police that on the night of the shooting the defendant had attempted to stop a fight between the victim and Rock McKinney and the victim had threatened the defendant. Later, Nelson said he was not “thinking clearly” and claimed the defendant threatened the victim. Another witness, Bradley, claimed the defendant threatened the victim yet also overheard the defendant tell the victim, “I ain’t got no beef with you, Lil’ Bro.” Both witnesses’ testimony raises doubt as to the guilt of the defendant.
Ultimately, the State’s case rests upon highly circumstantial evidence. Under these circumstances, I find that there is legally insufficient evidence that the defendant committed the crime beyond a reasonable doubt.

. State v. Shapiro, 431 So.2d 372, 385 (La. 1982).

. State v. Williams, 423 So.2d 1048, 1052 (La. 1982).